**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| DND COMMUNICATIONS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:08CV97-DJS |
| ) | |
| 21 PUBLISHING, LLC, ) | |
| ) | |
| Defendant. ) | |

### ORDER

Plaintiff's complaint presents one count of copyright infringement under 17 U.S.C. §106 concerning a pair of advertisements (for a jeweler and a hair salon) created and published by plaintiff in its "Saint Charles Magazine" but allegedly and without authorization used, reproduced and distributed by defendant in its publication "Mid Rivers Newsmagazine." Now before the Court is defendant's motion to dismiss the complaint.

Defendant contends that the complaint fails to state a claim upon which relief can be granted because plaintiff fails to allege the copying of a protectible expression. A claim of copyright infringement requires proof of plaintiff's ownership of the copyright and proof of defendant's copying of protectible expression. See United Tel. Co. of Mo. v. Johnson Publishing Co., 855 F.2d 604, 607 (8th Cir. 1988). "St. Charles Magazine,"

plaintiff's publication giving rise to its claim of copyright in the disputed advertisements, is a collective work. Defendant cites §404(a) of Title 17, which provides:

> A separate contribution to a collective work may bear its own notice of copyright, as provided in section 401 through 403. However, a single notice applicable to the collective work as a whole is sufficient to invoke the provisions of section 401(d) or 402(d), as applicable with respect to the separate contributions it contains (not including advertisement inserted on behalf of persons other than the owner of copyright in the collective work), regardless of the ownership of copyright in the contributions and whether or not they have been previously published.

With reference to the parenthetical portion of §404(a), defendant contends that courts have consistently held that an advertisement lacking a separate copyright notice as it appears within a collective work is not a protectible expression. Defendant cites the Tenth Circuit's opinion in Transwestern Publishing Co. v. Multimedia Marketing Associates, Inc., 133 F.3d 773 (10th Cir. 1998), and the Fifth Circuit's decision in Canfield v. Ponchatoula Times, 759 F.2d 493 (5th Cir. 1985). Canfield was decided prior to the Berne Convention Implementation Act of 1988, which made copyright notice optional rather than mandatory. In Transwestern, however, the Tenth Circuit holds that the Berne Convention did not affect the parenthetical provision of §404(a), and so did not alter the analysis of Canfield.

In response to the motion, plaintiff concedes that the parenthetical language of §404(a) applies and that the advertisements at issue therefore did not bear notice of copyright.

2

Plaintiff contends, however, that after the Berne Convention the result is not a lack of copyright protection, but rather the availability to the alleged infringer of the so-called "innocent infringement" defense in mitigation of damages.  Plaintiff's position is reasonable and finds support in the concurring opinion of Judge Briscoe in <u>Transwestern</u>, but is nonetheless at direct odds with the majority opinion of the only Court of Appeals which has addressed the specific question on highly analogous facts:

> [T]he Berne Convention...has no bearing on our holding....Because there is no separate copyright on the ads allegedly copied, plaintiff cannot use this provision to gain protection for the third party ads through the existence of a copyright notice for the overall collective work.

<u>Transwestern</u>, 133 F.3d at 781.

Upon careful consideration, this Court will follow the view of the <u>Transwestern</u> majority, and so holds that the complaint does not allege the existence of protectible expression in the advertisements which were allegedly the subject of copyright infringement.  Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss [Doc. #3] is granted.

Dated this __16th__ day of September, 2008.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE